# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## Knapp Electrical Works v. The New York Insulated Wire Company.

1. CONTRACTS—*Construction*—"*Free on Board*"—*Freight Charges.*— Under an agreement providing that goods should be consigned at certain specified prices "free on board" the cars at Wallingford, Conn., and that the consignee should pay for such as he sold at such prices without deductions, the consignee must pay the freight and other charges in getting the goods to his store, and when the contract is terminated and, by mutual agreement, the goods remaining unsold are returned, the consignee is not entitled to recover the freight or other charges he has paid on the same.

**Memorandum.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

### STATEMENT OF THE CASE.

The appellee (plaintiff below) is a corporation under the laws of New York, engaged in the manufacture of insulated wire for electrical purposes. The appellant (defendant below) is a corporation under the laws of Illinois, engaged in the manufacture of and dealing in electrical appliances and material, at Chicago, Illinois.

On March 31, 1890, these two corporations entered into the following written agreement:

(82)

" This mutual agreement, made this 31st day of March, 1890, between the New York Insulated Wire Company, of New York and city of New York, being the first party, and the Knapp Electrical Works, of the city of Chicago, Illinois, being the second party, in consideration of the herein promises, covenants and agreements made by each of said parties to the other, witnesseth :

That, whereas, said second party is desirous of handling and selling the wires, tapes and other goods manufactured by said first party, as the selling agent of the said first party in Chicago, Ill., said first party agrees to put in a stock of its said wires, tapes and other goods on consignment to said second party, to be held in stock by said second party as the property of the first party, said first party hereby making and appointing said second party its sole and exclusive agent for the sale of its wires, tapes and goods in said city of Chicago, on the following terms, conditions and prices, viz.:

Said second party agrees to accept such selling agency and such consignments, and to use its best endeavors to make a market for and sell such merchandise, and advance the interests of said first party, and to keep true and full books of accounts of sales of same, and to pay for said merchandise when the same is sold, as herein mentioned, without any deductions, excepting only for the commissions of said second party as herein contained; to accept such merchandise on consignment and to pay said first party for the same at the following rates and prices :

The list prices for said merchandise shall be in accordance with the Price List No. 15, issued by said first party under date of August 1, 1888, and discounts from the said price list to the second party as commissions to said second party for acting as such selling agents, shall be as follows :

Page 5.....................................45 per ct.
Page 6.....................................45 per ct.
Page 7.....................................45 per ct.
Page 11....................................45 per ct.
Page 12....................................45 per ct.
Page 16....................................45 per ct.

84     APPELLATE COURTS OF ILLINOIS.

VOL. 57.]   Knapp Electrical Works v. N. Y. Insulated Wire Co.

Page 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50 per ct.
Page 15 . . . . . . . . . . . . . . . . . . . . . . 20 per ct. and 10 per ct.
Page 16, Irion B. B. two tapes or braids 10 per ct. and 5 per ct.
Page 16, Irion rubber insulation . . . . . . . . . . . . 10 per ct.
Page 18 . . . . . . . . . . . . . . . . . . 45, 10 per ct. and 5 per ct.
Page 19 . . . . . . . . . . . . . . . . . . . . 25 per ct. and 10 per ct.

F. O. B. Wallingford, Conn., or New York. No charge for cases.

Allowance at prices charged for reels when returned in good condition, freight paid to Wallingford, Conn.

The above named net prices (list prices less discounts named), shall in all cases be paid by second party to said first party as the first party's net receipts, over and above all costs of selling and commissions of the second party as selling agent, from each and every sale made by second party as aforesaid.

Said second party agrees to render to said first party, on the first of every month hereafter, account of all sales of such merchandise during the immediate preceding month, and within three months thereafter to pay said first party in every case the net amounts coming to it, as aforesaid, for all sales of such merchandise so sold, within said preceding month.

Each account of sales to be accompanied by a three months' note covering said sales and of even date therewith.

This agreement is to continue until terminated by sixty days' notice from either party to the other, and upon the expiration of the term of said notice, this contract shall be absolutely at an end, except that the party of the second part shall have the right to sell, on the terms aforesaid, any merchandise it may then have on consignment from the party of the first part under this contract; and the second party shall make returns and payments on all sales of such merchandise until all the same is sold, in the manner provided in this contract."

The parties proceeded to do business under this contract

until April, 1891, when appellant wrote to appellee a letter, as follows :

April 23, 1891.

R. E. Gallagher, Sec'y N. Y. Insulated Wire Co., New York, N. Y. :

DEAR SIR :—Being about to close arrangements for handling a rubber covered wire, other than the Grimshaw, we herewith give you notice, as in accordance with the terms of our contract with your company.

Kindly advise us at your convenience as to the disposition of the goods now in our possession belonging to you.

Yours truly,

THE KNAPP ELECTRICAL WORKS,

Per M. A. KNAPP, Sec'y.

Appellee immediately answered this letter, as follows :

NEW YORK, April 25, 1891.

Knapp Electrical Works, Chicago, Ill.:

GENTLEMEN :—We beg to acknowledge receipt of your favor of 23d inst., notifying us of your wish to terminate the agency contract, dated March 31, 1888, also that you are ready to deliver at once all goods held on consignment from us.

We accept your proposition immediately, and have written our Mr. Godfrey to call on you and check off the account, so as to relieve you as soon as possible of our goods.

Having no disposition to delay your new arrangements, we with pleasure waive the sixty days' notice, as provided for in the contract.

Trusting our relations may continue friendly in every respect, we are,

Yours truly,

N. Y. INSULATED WIRE CO.,

Per R. E. GALLAGHER, Sec'y.

Thereupon Mr. S. W. Godfrey, general manager of appellee, called upon the appellant and made arrangements to receive for appellee all consigned goods belonging to appellee then held by appellant.  On May 10, 1891, the return to appellee of the consigned goods so held by appellant com-

## 86    APPELLATE COURTS OF ILLINOIS.

VOL. 57.] Knapp Electrical Works v. N. Y. Insulated Wire Co.

menced. A wagon was backed up to the entrance of the store of appellant on Franklin street, Chicago, and the consigned goods were rolled out on the sidewalk, case by case, or reel by reel.

Before the termination of the contract, appellee had opened a branch store in Chicago, Illinois, and these goods so returned by appellant to appellee, were received by appellee at its store in Chicago.

Upon these consigned goods so returned appellant had paid freight and cartage from Wallingford, Connecticut, or New York, to Chicago, $763.31. At the close of these transactions appellant claims that the account between it and appellee stood as follows:

New York Insulated Wire Co.

|  |  | To Knapp Electrical Works, | Dr. |  |
|---|---|---|---|---|
| April 15, 1891, | To note | $ | 2,419 | 54 |
| May 14, " | " merchandise | | 5 | 45 |
| " 14, " | " " " | | 3 | 75 |
| " 15, " | " advertising | | 366 | 52 |
| June 12, " | " merchandise, returned | | 32,413 | 36 |
| " 12, " | " freight (paid on goods returned) | | 708 | 81 |
| " 12, " | " cartage (paid on goods returned) | | 54 | 50 |
| Total | | $35,941 | 93 | |

|  |  | Cr. |  |  |  |
|---|---|---|---|---|---|
| April 1, 1891, | By balance | $34,938 | 09 | | |
| " 1, " | " merchandise | 129 | 32 | | |
| " 4, " | " " " | 129 | 32 | | |
| " 27, " | " " " | 232 | 78 | | |
| " 28, " | " " " | 186 | 32 | | |
| May 28, " | " " " | 98 | 29 | | |
| July 31, " | " " " | 208 | 69 | 35,922 | 71 |

Balance due Knapp Electrical Works..... $    19 22

While the appellee claims the account stood as follows:

Knapp Electrical Works,
                    To New York Insulated Wire Co., Dr.

1891.
March 31, To balance ........................$34,938 09
April   1,  "   merchandise......................    129 32
 "      4,  "       "        ............../.............    129 32
 "     27,  "       "        ....................    232 78
 "     28,  "       "        ....................    186 22
May   28,  "       "        ....................     98 29

                                            $35,714 02
                                    Cr.
April  23, By acc't, sales......................$ 2,352 85

                                            $33,361 17
May,  To merchandise.........................     29 54
June,  "        "        ....................    137 82
July,  "        "        ....................     47 33

                    Total,..............$33,575 86
                            Cr.
1891.
May, By merchandise returned......$32,125 97
 "   "  advertising................    336 52

                    $32,462 49

Upon the trial of the case, the following stipulation was
entered into between the parties:

STATE OF ILLINOIS, } ss.
  COUNTY OF COOK.  }

              In the Superior Court of Cook County.

NEW YORK INSULATED WIRE COMPANY }
                vs.              } Assumpsit.
  THE KNAPP ELECTRICAL WORKS.    }    Gen. No. 135,198.

It is hereby stipulated and agreed by and between the
plaintiff and defendant in the above entitled cause, for the
purpose of this suit, that on April 1, 1891, the said defend-

88    APPELLATE COURTS OF ILLINOIS.

VOL. 57.] Knapp Electrical Works v. N. Y. Insulated Wire Co.

ant, The Knapp Electrical Works, held goods of the New York Insulated Wire Company on consignment, theretofore shipped by said New York Insulated Wire Company to said The Knapp Electrical Works, under contract declared on in this case, in the sum of thirty-four thousand nine hundred thirty-eight dollars and nine cents ($34,938.09), and that on and after said April 1, 1891, the said New York Insulated Wire Company shipped other goods to said The Knapp Electrical Works, and said goods were received by said The Knapp Electrical Works, as follows:

| | | |
|---|---:|---:|
| April  1, 1891 | $  129 | 32 |
| April  1, 1891 | 129 | 32 |
| April 27, 1891 | 232 | 78 |
| April 28, 1891 | 186 | 22 |
| May  28, 1891 | 298 | 29 |
| | 208 | 69 |

making a total amount of..............$35,922 71, with which the said New York Insulated Wire Company should be credited in accounting with the said The Knapp Electrical Works.

It is further stipulated and agreed between the parties hereto that the said The Knapp Electrical Works, in an accounting between the parties hereto, should be credited with the following items in cash paid to said New York Insulated Wire Company:

| | | |
|---|---:|---:|
| April 15, 1891 | $2,419 | 54 |
| May  14, 1891 | 5 | 45 |
| May  14, 1891 | 3 | 75 |
| May  15, 1891 | 336 | 52 |
| | $2,765 | 26 |

·It was further stipulated and agreed between the parties hereto, that in accounting between the parties hereto, The Knapp Electrical Works should be credited with a certain amount of said consigned goods, which, on the 12th day of June, 1891, the said The Knapp Electrical Works turned over and delivered to the said New York Insulated Wire

Company, at Chicago, Illinois, the precise amount of which goods so turned over is in dispute between the parties hereto, and that on such goods so turned over by the said The Knapp Electrical Works to the said New York Insulated Wire Company, the said Knapp Electrical Works had paid freight from Wallingford, Connecticut, or New York, to Chicago, the sum of, seven hundred and eight dollars and eighty-one cents ($708.81), and cartage from the depot at Chicago to the store of the said The Knapp Electrical Works, the sum of eighty-four dollars and fifty cents ($84.50).

It is further stipulated that this stipulation shall not be held to preclude either party from introducing evidence of other credits to which they claim to be entitled, nor to preclude the defendant from showing that all or some of the goods returned as aforesaid by the defendant were returned in the original and unbroken packages, and that if such packages were short when returned, they were short when received.

New York Insulated Wire Company,

By C. M. Smith, Att'y for Pl'ff.

The Knapp Electrical Works,

By Knight & Brown, Att'ys for Def't.

Knight & Brown, attorneys for appellant.

O. M. Smith, attorney for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

The agreement of the parties provided that goods should be consigned to appellant at certain specified prices, free on board cars at Wallingford, Conn., or New York; and that appellant should pay for such as he sold, at these prices without any deductions.

Under this contract appellant had to pay all freight and other charges incurred in getting the goods from Wallingford or New York to his store in Chicago; it follows, there-

fore, that when in accordance with its provisions the contract was terminated, and by mutual agreement he returned to appellee the goods remaining unsold, he was not entitled to freight or charges he had paid thereon. The claims of appellee for freight and cartage were, therefore, properly allowed.

We regard the finding of the Superior Court upon the question of the amount of goods returned as, under the conflicting testimony, one that we ought not to disturb. We have upon the basis of our rulings gone through the accounts presented, and find that judgment should have been rendered for the sum of $1,031.48, only.

The judgment of the Superior Court will be affirmed for that sum.

The costs of this appeal will be taxed against appellee. Affirmed for $1,031.48.